UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANNETTE COPELAND | * | |
| 11105 Huntington Meadows Lane | * | |
| Fredericksburg, Virginia   22407 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. |
| ARKLAY, LLC, | * | |
| 600  MacDill Blvd. (JBAB) | * | |
| Washington, D.C.  20340 | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION
AND OTHER EMPLOYMENT DISPUTES

Introduction

1.      Plaintiff Annette Copeland, a former employee of Defendant Arklay, LLC, was wrongfully terminated from her position as a network engineer where she worked on her employer's contracts with the United States Defense Intelligence Agency.  When white, male co-workers interfered with her ability to perform, Plaintiff Copeland complained. Although that harassment was stopped, the work situation of Plaintiff deteriorated and she was ostracized professionally and personally.    Thereafter Plaintiff Copeland was terminated.   Plaintiff Copeland's termination was due to her race, her sex and/or because she engaged in statutorily protected activity.  Because her mistreatment, including her termination caused Plaintiff Copeland harms, she seeks appropriate relief.

Jurisdiction and Venue

2.      This Court has jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367.

3.      Proper venue is in this Court as essentially all of the relevant events alleged and the wrongful actions complained of herein have occurred within the jurisdictional boundaries of the District of Columbia.

Parties

4.      Plaintiff,  Annette Copeland, has worked as a government contractor since 2001, and specifically as a contractor for the Defense Intelligence Agency since 2008.  Plaintiff began employment with Defendant in February, 2013.

5.      Defendant Arklay, LLC is a private corporation which held contracts with the federal government.  Fernand Marc Pecot was the Chief Executive Officer of Defendant for all relevant times and was also responsible for the hiring of Plaintiff Copeland.

Factual Statement

6.      In December 2012 Plaintiff Copeland found Defendant was seeking a network engineer to perform duties on its government contract with DIA.  Ms. Copeland applied for the position.

7.      In February 2013 was offered the position for which she applied. Plaintiff accepted and was hired by Defendant to work as a Network Administrator/Certification and Accreditation Document Analyst for DIA's Threat Mitigation Center

8.      In October 2013, two co-workers who were also employees of Defendant Arklay LLC, , David Chesher and Dean Gull, hacked into her computer system disabling her ability to send emails.

9.      The actions of her co-workers, which was without authority, gravely disrupted the work efforts of Plaintiff Copeland.

10.      Both Mr. Chesher and Mr. Gull are Caucasian males.

11.      During that time frame, Ms. Copeland was the only female and the only African American on her team

12.      Plaintiff complained of her co-workers actions both to their supervisor at Defendant Arklay LLC and to the government employee responsible for the contract on which Ms. Copeland was currently working.

13.      Although the hacking of her emails stopped at that time, neither Mr. Chesher nor Mr. Gull were terminated from their position, despite the serious violations of federal laws, DIA regulations and policies and the policies of Arklay, LLC.

14.      Thereafter, Plaintiff Copeland was relocated to a separate building.

15.      In her new location, Plaintiff became increasingly isolated and removed from routine work assignment.

16.      In May 2013, co-worker David Chesher again broke laws, regulations and policies when he disabled  Plaintiff Copeland's access  to the network for which she was the administrator.

17.      Although Defendant Arklay, LLC's CEO, Marc Pecot did belatedly make corrections to the server, the network continued to have problems throughout the remainder of the contract term, in June 2013.

18.      Upon commencement of a new contract with DIA in July 2013, Defendant Arklay, LLC employees needed to update personnel information, using their own private

login.   While Ms. Copeland was using that login, co-worker Dean Gull somehow intruded on Plaintiff's privacy and obtained her private login information.

19.     From that point through October 2013, Plaintiff's work was infringed upon a number of times.

20.     Plaintiff Copeland again complained to CEO Pecot and to DIA personnel but the hacking continued.

21.     From November 2013 to July 2014, was not provided a permanent work area from which she could place or receive business calls or otherwise transact business in a consistent manner.

22.     During this time period, Plaintiff was given few work assignments, which was far below her prior work assignment level.

23.     Ms. Copeland was not provided any reasons for the reduction in work assignments nor did she receive any complaints about the little work she was able to perform.

24.     Even when she was given a mediocre work station, her employer denied her work projects and assignments.

25.     Without basis, on September 19, 2014, Plaintiff Copeland was wrongfully discharged from her position.

Exhaustion Requirements

26.     On December 18, 2014, Plaintiff Copeland timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission.   The EEOC processed that complaint and issued a Notice of Right to Sue.   This timely complaint followed.

4

Claims

COUNT I        Title VII of the Civil Rights Act of 1964, as amended

Paragraphs 1 through 26 are incorporated herein by reference.    The unlawful actions taken against Plaintiff, resulting in her termination from her position with Defendant and in other harms, were committed because of Plaintiff Copeland's race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II       Title VII of the Civil Rights Act of 1964, as amended

Paragraphs 1 through 26 are incorporated herein by reference.    The unlawful actions taken against Plaintiff, resulting in her termination from her position with Defendant and in other harms, were committed because of Plaintiff Copeland's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT III      Title VII of the Civil Rights Act of 1964, as amended

Paragraphs 1 through 26 are incorporated herein by reference.    The unlawful actions taken against Plaintiff, resulting in her termination from her position with Defendant and in other harms, were committed in retaliation for Plaintiff Copeland's engaging in practices protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT IV       BREACH OF CONTRACT

Paragraphs 1 through 26 are incorporated herein by reference.    The unlawful actions taken against Plaintiff, resulting in her termination from her position with

Defendant and other harms, were the direct result of Defendant's breach of the employment contract between Plaintiff Copeland and Defendant.

COUNT V      42 U.S.C Section 1981

Paragraphs 1 through 26 are incorporated herein by reference.   The unlawful actions taken against Plaintiff, resulting in her termination from her position with Defendant and in other harms, were committed because of Plaintiff Copeland's race in violation of  42 U.S.C Section 1981, as amended.

Relief Requested

WHEREFORE, Plaintiff Annette Copeland respectfully requests that this Court:

1.      Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights, employment rights and contractual rights of Plaintiff Copeland;

2.      Order Defendant to reimburse Plaintiff Copeland for any and all loss wages and lost benefits caused by the termination of her additional costs she has incurred because of Defendant's wrongful termination of her;

4.      Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the emotional harm and the decrease in the enjoyment of her life she has suffered as a result of Defendant's unlawful actions in violation of her rights;

5.      Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

6.      Order such additional relief as the Court deems proper and just.

Jury Demand

Plaintiff Copeland demands a trial by a jury of her peers for all claims contained herein.

Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES
1050 Seventeenth St., N.W.
Suite 1000
Washington, D.C. 20036
(202) 393-4900
GTBfirm@garytbrown.com
Attorney for Plaintiff Annette Copeland